[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (#123)
The plaintiff, Sandra J. Jedziniak, filed a two-count complaint against the defendants, Edward J. Safdie (Safdie) and Fleet Bank. The plaintiff alleges that the defendants owned, maintained and controlled the premises located at 607 West Tame Street, Norwich, Connecticut, known as the Norwich Inn and Spa. On August 3, 1994, the plaintiff was on the defendants' premises when she fell and was injured. The plaintiff alleges in count one that her injuries were due to the negligence of Safdie, and in count two that her injuries were due to the negligence of Fleet Bank.
Safdie filed a motion for summary judgment on the ground that he did not have possession or control of the premises at the time the plaintiff was allegedly injured, and that he therefore cannot be held liable for her injuries. The plaintiff filed a memorandum in opposition to the motion for summary judgment, arguing that a material question of fact exists as to who controlled the premises on the date the plaintiff was injured. The matter was heard by the court on January 11, 1999.
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citations omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 380-81,713 A.2d 820 (1998).
Safdie argues in his supporting memorandum that he obtained title to the subject property in 1987; on July 15, 1987, he mortgaged the premises in favor of Shawmut Home Bank, now known as The Shawmut Bank of Connecticut, N.A. (Shawmut); and that subsequently he was declared to be in default, and Shawmut commenced foreclosure proceedings against him. Safdie avers that at no time after January 2, 1992 was he in possession or control of the premises. (Motion For Summary Judgment, Affidavit of Edward J. Safdie ¶ 4). Safdie also avers that he held title to the subject premises until November 2, 1994. (Affidavit of Edward J. Safdie ¶ 3). Between January 2, 1992 and November CT Page 1444 2, 1994, Safdie had no authority to direct, manage, oversee or superintend the premises. (Affidavit of Edward J. Safdie ¶ 5). Safdie has supplied as an exhibit to his affidavit an agreement entered into between himself and Shawmut dated November 2, 1994. The agreement sets forth a compromise whereby Safdie entered into a stipulation for judgment of strict foreclosure on the premises and a stipulation for a deficiency judgment in an amount equal to the amount outstanding under the note less the value of the premises, with the understanding that no attempt would be made to collect the deficiency amount. (Affidavit of Edward J. Safdie, Agreement, p. 2). In exchange, Safdie was to surrender title to all personal property and vehicles on the subject premises as well as his title rights to the premises. (Affidavit of Edward J. Safdie, Agreement, pp. 4-6). The agreement states that "Shawmut has been operating the Premises as mortgagee in possession since approximately January, 1992. . . ." (Affidavit of Edward J. Safdie, Agreement, p. 2).
"One who asserts and maintains control of property may be liable for defective conditions existing thereon though he have in fact no title to it." Corvo v. Waterbury, 141 Conn. 719, 725,109 A.2d 869 (1954). Although the agreement provides that Shawmut was to operate the subject premises on the date of the plaintiff's alleged injury, Safdie has failed to submit evidence to show that, in fact, he was not in control of the premises on that day. The agreement itself does not indicate whether Shawmut actually controlled the subject premises after January 2, 1992. Furthermore, Safdie's affidavit indicates that Safdie had no authority to control or maintain the premises at the time the plaintiff was allegedly injured, but fails to indicate whether Safdie did exercise such control, notwithstanding the averred lack of authority to do so. A party's conclusory statements in an affidavit do not constitute evidence sufficient to establish or disprove whether disputed material facts exist. See Gutpa v. NewBritain General Hospital, 239 Conn. 574, 583, 687 A.2d 111
(1996).[1]
Accordingly, a genuine issue of material fact remains concerning whether Safdie controlled and maintained the subject premises on the date the plaintiff was allegedly injured. Therefore defendant Sadfie's motion for summary judgment is denied.
___________________________ DAVID W SKOLNICK, JUDGE CT Page 1445